# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQT PRODUCTION COMPANY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 14-1053 ) Judge Nora Barry Fischer ) |
| TERRA SERVICES, LLC, | ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM ORDER

Presently before the Court are Defendant Terra Services, LLC's ("Terra") Motion for Protective Order, (Docket No. 113), and Motion to Stay Pending Resolution of Entry of Protective Order, (Docket No. 116). Plaintiff EQT Production Company, ("EQT") opposes both Motions. (Docket Nos. 124, 125).

### I.  MOTION FOR PROTECTIVE ORDER

In its Motion for Protective Order, Terra requests an Order prohibiting EQT from: "contacting any of Terra's prior or current third-party customers without seeking leave of court and Terra having opportunity to respond;" and "using or disseminating confidential information obtained in the above-captioned litigation beyond what is necessary in this proceeding or using or disseminating confidential information in any other proceeding." (Docket No. 113 at 1). In support of its Motion, Terra argues that, "[i]f EQT, or any of it representatives are permitted to contact or approach Terra's third-party customers regarding any of the allegations made by EQT in this lawsuit, Terra would be negatively impacted from a business standpoint," as such

communications would "negatively impact its business reputation prior to any adjudication in this matter." (Docket No. 114 at 3–4).

EQT responds that the Stipulation of Confidentiality and Protective Order, (Docket No. 54), currently in place in this action sufficiently protects Terra's interests. (Docket No. 125 at 2–3). Invoking the law of the case doctrine, EQT further argues that the Court already ruled on this issue at the June 1, 2015 Oral Argument, where it ordered Terra to respond by Monday, June 29, 2015. (*Id.* at 2; *see also* Docket No. 93 (granting EQT's Motion to Compel Terra's Response to Interrogatory 16)). Specifically, regarding Terra's documents concerning third-party customers that, after review of same, the Court advised that EQT would have to demonstrate good cause to take depositions of those third-party customers. (Docket No. 110 at 52:20–25; 54:10–55:18).

The Court agrees with EQT's position. Not only did the Court already address Terra's exact concerns, (*id.*), but, at the same Oral Argument, EQT's Counsel represented that "[i]f we felt there was a need to explore through a third-party subpoena or a deposition a prior customer, we would bring that to the Court's attention, if that's what the Court would like us to do." (Docket No. 110 at 53:17–20). The Court then held that EQT would have to seek leave of Court to depose third-party customers. (*Id.* at 54:18–24).

The Court finds that the combination of EQT's Counsel's representations, the Court's Order at the June 1, 2015 Oral Argument, and the Stipulation of Confidentiality and Protective Order in place in this case, (Docket No. 54), adequately addresses Terra's concern. Accordingly, the Motion for Protective Order is denied.

**II. MOTION TO STAY**

Having denied Terra's Motion for Protective Order, the Court will deny Terra's Motion to Stay the June 29, 2015 deadline for answering Interrogatory 16, as such. However, as Terra waited to file the Motion for Protective Order until late afternoon on the last business day before the disclosure was to be made, that deadline has come and gone.[1] (Docket No. 113). Accordingly, Terra shall have until July 20, 2015 to answer Interrogatory 16. The Court will *not* permit further extensions to answer this discovery.

### III. CONCLUSION

AND NOW, this 13th day of July, 2015, for the foregoing reasons,

IT IS HEREBY ORDERED that Defendant's Motion for Protective Order, (Docket No. [113]) is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Protective Order, (Docket No. [113]) having been denied, Defendant's Motion to Stay Pending Resolution of Entry of Protective Order, (Docket No. [116]) is DENIED, as moot.

IT IS FINALLY ORDERED that Defendant shall answer Interrogatory Number 16, including any responsive documentation, by July 20, 2015.

THERE SHALL BE NO FURTHER EXTENSIONS OF TIME TO ANSWER THIS DISCOVERY.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record.

---

[1] The Court also notes that the Motion for Protective Order was filed without conferral with opposing Counsel, (Docket No. 113 at 3), and the Motion to Stay was filed only following conferral by email, (Docket No. 116 at 4). The Court reminds counsel of Section II.N, which "requires that **all** discovery motions . . . be accompanied by a certificate of conferral as set forth in Local Rules 16.1.C.4, 37.1 and 37.2. Counsel shall meet and confer in an effort to resolve their disputes prior filing to such motions. **E-mail communications are not sufficient**." Practices and Procedures of Judge Nora Barry Fischer, Effective February 5, 2013, § II.N (available at http://www.pawd.uscourts.gov/Documents/Judge/fischer_pp.pdf ) (final emphasis added).