# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQT PRODUCTION COMPANY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>TERRA SERVICES, LLC, )<br>)<br>Defendant. )<br>) | Civil Action No. 14-1053<br>Judge Nora Barry Fischer |

## MEMORANDUM OPINION

On July 17, 2015, this Court appointed as Discovery Special Master the Honorable Donald Ziegler to preside over the parties' discovery disputes. (Docket No. 139). The Court's Order appointing Special Master Ziegler included, among other things, the provision that "the Special Master shall have the authority to . . . resolve disputes as he deems appropriate. The Special Master shall be empowered to communicate on an *ex parte* basis with a party for the purpose of facilitating resolution of disputes including but not limited to a mediation of disagreements related to Discovery." (Docket No. 139 at 2). On August 30, 2015, Special Master Ziegler issued Order of Special Master No. 2, which interpreted a letter of counsel submitted by counsel for Terra Services as a Motion for Counsel Fees and Expenses, and subsequently granted said Motion and awarded fees. (Docket No 156-1). Specifically, Order No. 2 awarded Terra Services (hereinafter "Terra") $10,498.47 consisting of: (1) expenses incurred for the food, travel, and lodging costs incurred by Terra Services' expert Dr. Ian Peggs; (2) fees for Dr. Ian Peggs' time; (3) expenses for the videographer who was present and recorded the inspection; and (4) attorney's fees for Mr. Komoroski and Mr. Sepp. (Docket No. 156-1).

Pursuant to this Court's Order, (Docket No. 139), on September 9, 2015, Plaintiff EQT filed its Objections to Order of Discovery Special Master No. 2, (Docket No. 156), and on September 21, 2015, Defendant Terra filed its response, (Docket No. 159). The Court then convened a hearing and oral argument on September 25, 2015, (Docket No. 162),[1] at which time this Court reviewed a video recording[2] of the inspection provided by counsel for Terra. The matter is now ripe for decision.[3]

Initially, this Court does not find compelling EQT's claim that it was surprised by the condition of the liner and geotextile. EQT had a duty to preserve evidence. *See e.g.*, *Swindell Dressler Int'l Co. v. Travelers Cas. & Sur. Co.*, 827 F. Supp. 2d 498 (W.D. Pa. 2011) ("[a] party which reasonably anticipates litigation has an affirmative duty to preserve relevant evidence.") (citations omitted). Yet, EQT chose to store the disputed liner as it did.

EQT next asserts that the Special Master's award of fees was not supported because Terra Services failed to put forth a "formal request" for inspection in a manner that comported with Rule 34. (Docket No. 156 at 11). This Court has found in past cases that the question of whether Rule 34 requires a "formal request" is one that has been left to the discretion of the Court. *Trask v. Olin Corp.*, 298 F.R.D. 244, 260 (W.D. Pa. 2014) ("The Court notes that the inconsistent case law on the degree of formality required for a Rule 34 Request for Production to be enforced through a Motion to Compel under Rule 37, likely reflects one of the fundamental rules governing discovery: discovery is within the trial court's sound discretion.") (citations omitted). Further, courts have generally found whether the parties were both aware of the item being

---

[1] The Court notes that the transcript of the hearing was not ordered.
[2] It was represented to the Court that Special Master Ziegler did not see the video recording.
[3] Following the hearing, the Court suggested to counsel that they attempt to mediate this dispute, yet to no avail as counsel for both parties advised the Court by email communications on October 8, 2015 that they were not able to amicably resolve their issues.

discovered as weighing in favor of finding that an informal request for same satisfies Rule 34. *See Trask*, 298 F.R.D. at 260 ("Additionally, the case law indicates that where parties are both aware of the documents being informally requested, courts are more likely to find that the request satisfies Rule 34.") (citations omitted).

Here, EQT understood what Terra Services was requesting by way of the June 16, 2015 emails and related communication because, as EQT went to great lengths to point out, this was the *fourth* inspection of the liner and geotextile. (*See* Docket No. 156 p. 2–9). Given that the parties had successfully worked together to permit Terra Services to inspect the liner and geotextile on three prior occasions, the Court finds that Terra Service's email communication was sufficient to meet the requirements set forth in Rule 34. Yet, EQT did not properly prepare for the inspection even though its counsel were present well in advance of the arrival of the Terra team. As the video showed, EQT knew or should have known there were pallets of what appears to be garbage preventing access to the clam-shell dumpster containing the liner and geotextile. EQT does not dispute that its attorneys were at the site well before counsel for Terra, nor that EQT employees were available on site to clear the way. At a minimum EQT should have cleared out the path to the dumpster.

Finally, EQT argues that Terra should not be awarded any fees because it did not file an affidavit supporting its proffer of fees and costs. (Docket No. 156 at 12). It is true that when the Special Master initially ruled, he did not have an affidavit or other evidence of the alleged reasonableness of Terra's fees and costs. He undoubtedly accepted them, as the Court's Order permitted him to resolve disputes as appropriate. (See Docket No. 139). To the extent that EQT continues to maintain its objection that Terra did not substantiate its claims, the Court finds that Terra has remedied that problem because it filed an affidavit in conjunction with its brief. (*See*

3

Docket No. 159-1). *See e.g.*, *Wise v. Wash. Cnty.*, 2015 U.S. Dist. LEXIS 50926, at *116–17 (W.D. Pa. Apr. 17, 2015) (requiring Defendants to file an affidavit to support their claim for fees and costs); *see also Square D Co. v. Scott Elec. Co.*, 2008 U.S. Dist. LEXIS 54917, at *26 n.13 (W.D. Pa. July 15, 2008) (requiring same).

Based on all the facts and circumstances, the Court finds that Terra Services is entitled to some of its fees and costs; however, the Court reviews the proffered fees and costs anew. Although EQT's dilatory behavior delayed the start of the inspection, Terra was ultimately able to inspect the liner, even if for a shorter period than planned. In effect, the harm caused by EQT's dilatory behavior was akin to that of a deponent showing up late. Given same, this Court <u>will not</u> award Terra fees and costs for the following: (1) Airfare/ Travel time for Dr. Ian Peggs to and from the inspection site; (2) the rental car; (3) gas for same; (4) Dr. Ian Peggs' hotel room; (5) Dr. Ian Peggs' meals; and (6) the costs for the videographer. The Court also <u>will not</u> award fees for attorney Sepp's time at the inspection because in this Court's estimation, it was sufficient to have lead trial counsel at the inspection with the expert, especially with a videographer present. There was no need to double the attorneys' fees of the inspection by having a second there. *See Adm'x of the Estate of Conway v. Fayette County Children & Youth Servs.*, 2011 U.S. Dist. LEXIS 98501, at *14 (W.D. Pa. Aug. 31, 2011) ("'[I]n many cases, the attendance of additional counsel representing the same interests as the lawyer conducting' the litigation is 'wasteful and should not be included in a request for counsel fees.'") (quoting *Halderman v. Pennhurst State Sch. & Hosp.*, 49 F.3d 939, 943 (3d Cir. 1995)).

The Court <u>will</u> award fees for the approximate forty five (45) wasted minutes of Dr. Ian Peggs' consulting time and lead trial counsels' time. Given same, Terra shall be awarded fees of $420.00 for Mr. Komoroski and $228.75 for Dr. Ian Peggs.

The grand total of fees that will be awarded is $648.75. No other fees or costs will be awarded. Further, both parties shall bear their own fees and costs pertinent to this motion practice. (Docket Nos. 156, 159, 162).

For all of these reasons,

IT IS HEREBY ORDERED that Plaintiff's Objections to the Order of Discovery Special Master No. 2. are OVERRULED, IN PART and SUSTAINED, IN PART as ordered herein.

IT IS FURTHER ORDERED that Defendant's Motion for Sanctions is DENIED to the extent that Defendant seeks fees for the following:

- Dr. Ian Peggs' airfare/ travel time to and from the inspection site;
- the car rental;
- gas for the rental car;
- hotel room(s);
- meals;
- the videographer; and
- attorney's fees for Mr. Sepp.

Defendants shall pay such fees and costs.

IT IS FURTHER ORDERED that Defendant's Motion for Sanctions is GRANTED to the extent that it seeks fees for:

- 45 minutes of Lead Trial Counsel's time for a total of $420.00
- 45 minutes of Expert time (Dr. Ian Peggs) for a total of $228.75.

For the foregoing reasons, the total fee award to Defendant Terra Services becomes $648.75.

IT IS FURTHER ORDERED that the parties shall bear their own fees and costs pertinent to this motion practice. (Docket Nos. 156, 159, 162).

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record.