IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQT PRODUCTION COMPANY, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 14-1053 |
| | ) Judge Nora Barry Fischer |
| TERRA SERVICES, LLC, | ) |
| Defendant. | ) |

**<u>MEMORANDUM ORDER</u>**

Presently before the Court is Plaintiff's Motion to Bifurcate, (Docket No. 220), and Defendant's Motion to Stay Proceedings, (Docket No. 222). The Motions have been fully briefed, (*see* Docket Nos. 220, 222, 223, 224, 226, 232, 237), and the parties declined to orally argue their positions. These matters are now ripe for disposition.

In support of its Motion to Bifurcate, Plaintiff notes that it is seeking damages for a fine assessed by the Pennsylvania Department of Environmental Protection ("the DEP"); attorneys' fees related to the appeal of the DEP's fine, which is pending before the Environmental Hearing Board ("EHB"); and damages arising out of claims that have been asserted in the Court of Common Pleas of Tioga County by Danzer Forestland ("Danzer"), which owns property adjacent to the impoundment pit. (Docket No. 220 at ¶¶ 3-5). Plaintiff argues that because attorneys' fees related to the EHB proceeding remain ongoing, the production of any detail regarding the legal work in that matter would jeopardize the protections afforded by the attorney-client privilege. (*Id.* at ¶ 6). Plaintiff further asserts that Defendant may share information about its legal strategies and attorney work product with the DEP. (*Id.*). Noting that expert discovery deadlines are approaching in this matter, Plaintiff requests that the Court maintain the current

1

deadlines for liability experts but postpone all expert discovery deadlines related to damages until the conclusion of the liability phase of trial. (*Id.* at ¶¶ 7-10).

In response, Defendant argues that the attorney-client privilege would not be jeopardized because Plaintiff could produce the documents in support of its alleged damages in an unredacted format pursuant to a Stipulation of Confidentiality and Protective Order. (Docket No. 223 at ¶ 6). Defendant further asserts that bifurcating the trial would cause unnecessary duplicity because the liability and damages involve many of the same issues and implicate the same testimonial and documentary evidence. (Docket No. 224 at 5-6). Regarding Plaintiff's request to postpone all expert discovery deadlines related to damages until the conclusion of the liability phase of trial, Defendant contends that such an approach "would run afoul of this Court's standard practice" and would be costly, inefficient, and impracticable. (*Id.* at 6-7). Finally, Defendant notes that Plaintiff has failed to establish that it would be prejudiced in the EHB proceeding because the hearing concluded nearly three months ago. (*Id.* at 8 n.5).

The Court of Appeals for the Third Circuit has stated, quoting Wright & Miller, *Federal Practice and Procedure*, that "[t]he district court is given broad discretion in reaching its decision whether to separate the issues of liability and damages." *Idzojtic v. Penn. R. Co.*, 456 F.2d 1228, 1230 (3d Cir. 1972) (citing Wright & Miller, *Federal Practice and Procedure* § 2392). The Third Circuit has also noted that "[s]everance of the question of liability from other issues can 'reduce the length of trial, particularly if the severed issues [are] dispositive of the case, and can also improve comprehension of the issues and evidence.'" *In re Paoli R.R. Yard PCB Litigation*, 113 F.3d 444, 452 n.5 (3d Cir. 1997) (quoting *Manual for Complex Litigation, Third* § 21.632, at 119 (West 1995)) (alterations in original).

The Court finds Defendant's arguments in regards to judicial economy are unfounded

because the two trials would still take place with the same jury in the same time period, and the same arguments would be made. Defendant would not be inconvenienced or prejudiced by bifurcation given that Defendant's counsel and witnesses would still be preparing for both trials in the same time period. Defendant's case-in-chief would be the same without bifurcation — it would merely present its case in a different order and potentially after a jury deliberates once. Moreover, in the event that the jury finds for Defendant in the first trial, a second would not be necessary. Proceeding in this fashion may also cut down on the number of witnesses and exhibits. Parties may not have to incur the costs of calling experts related to damages, who will undoubtedly charge for their time, which thus comports with Federal Rule of Civil Procedure 1. *See* FED. R. CIV. P. 1 (providing that the Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). The Court further notes that it informed the parties during the Telephonic Post Fact Discovery Status Conference that it would likely bifurcate this matter. (*See* Docket No. 219). Having concluded that bifurcation is appropriate in this matter to promote judicial economy, the Court must reject Plaintiff's request to postpone all expert discovery deadlines related to damages until the conclusion of the liability phase of trial. As Defendant has argued, such an approach is not consistent with this Court's standard practice because it would result in unnecessary costs and inefficiency. Accordingly, the Court will grant Plaintiff's Motion to Bifurcate, with the damages portion of the trial proceeding immediately after the liability stage of the trial.

Turning to Defendant's Motion to Stay Proceedings, Defendant argues that a stay is warranted because the outcome of the EHB proceeding will determine Plaintiff's liability and whether civil penalties will be assessed against it. (Docket Nos. 222 at ¶ 4; 224 at 9-11). Noting

that post-hearing briefing in the EHB proceeding will conclude in January 2017, Defendant asserts that the length of the stay would be short. (Docket Nos. 222 at ¶ 4; 224 at 9-10). Defendant contends that it will be prejudiced if it is forced to continue expert discovery while the EHB proceeding remains pending because it expects that the experts will rely upon the outcome of the EHB proceeding. (Docket No. 224 at 10). To that end, Defendant posits that a stay would promote judicial economy because the parties and their experts will face uncertainty until the EHB issues its decision. (*Id.* at 11).

In response, Plaintiff argues that the outcome of the EHB proceeding will not be dispositive in this case and that the experts' opinions will not be dependent upon the EHB's decision. (Docket No. 226 at 1-2). Specifically, Plaintiff contends that the doctrine of collateral estoppel is inapplicable because the issues in the two separate proceedings are not identical, as the claims in the EHB proceeding relate to Plaintiff's alleged violations of Pennsylvania's Clean Streams Law and the claims before the Court in this matter relate to Plaintiff's breach of contract and contractual indemnity claims. (*Id.* at 2-4). Regarding experts, Plaintiff notes that the record of the EHB proceeding is complete, including the documents and discovery exchanged, the deposition testimony, and the EHB hearing testimony. (*Id.* at 5-6). Plaintiff maintains that the EHB's findings of fact and conclusions of law will not serve as a basis for an expert's opinion because the facts of record, rather than EHB's decision, must be the focus of inquiry. (*Id.*).

The parties have also filed reply and sur-reply briefs. (Docket Nos. 232, 237). In its reply, Defendant notes that a stay may be warranted in cases where parallel proceedings involve substantial matters of the same nature. (Docket No. 232 at 2-3). Attaching as an exhibit to its reply the DEP's 281-page post trial brief in the EHB proceedings, Defendant contends that the DEP "highlights how [Plaintiff's] own action and inaction is at the center of both liability and

damages in both matters." (*Id.* at 3-5; Docket No. 232-1).  In its sur-reply, Plaintiff argues that it would be prejudiced by a stay because the EHB's decision may be appealed to the Commonwealth Court of Pennsylvania.  (Docket No. 237 at 3).  Noting that the events surrounding its claims arose in 2012, Plaintiff contends that it has lost witnesses who were employed by Defendant.  (*Id.*).  Plaintiff further asserts that the DEP's post trial brief illustrates that the EHB proceedings relate only to damages and will not affect the determination of liability in this matter.  (*Id.* at 4-5).

District courts have broad power to stay proceedings, "incidental to the power inherent in every court to control the disposition of causes on its docket with economy of time and effort for itself, for counsel and for litigants." *Bechtel Corp. v. Local 215, Laborers' Int'l Union*, 544 F.2d 1207, 1215 (3d Cir. 1976) (quoting *Landis v. North Amer. Co.*, 299 U.S. 248, 254-55 (1936)); *see also Wonderland Nurserygoods Co., Ltd. v. Thorley Indus.*, LLC, 858 F. Supp. 2d 461, 463 (W.D. Pa. 2012).  As such, "the power to stay an action, in non-mandatory stay cases, is firmly within the discretion of the court." *First Am. Title Ins. Co. v. Maclaren, L.L.C.*, No. 10-CV-363, 2012 U.S. Dist. LEXIS 31508, at *13 (D. Del. Mar. 9, 2012) (citing *Cost Bros., Inc. v. Travelers Indem. Co.*, 760 F.2d 58, 60 (3d Cir. 1985)).

In determining whether a stay of the litigation is appropriate, a court must balance the interests favoring a stay against the interests frustrated by a denial of a stay. *Id.* (citing *Cherokee Nation of Oklahoma v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997)).  In doing so, a court should consider the following factors:  (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case; and (4) whether discovery is complete and whether a

5

trial date has been set. *Akishev v. Kapustin*, 23 F. Supp. 3d 440, 446 (D.N.J. 2014). A court may also consider the length of the requested stay. *Structural Group, Inc. v. Liberty Mut. Ins. Co.*, No. 1:07-CV-1793, 2008 U.S. Dist. LEXIS 82266, at *13 (M.D. Pa. Oct. 16, 2008). Finally, "[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise" of the Court's discretion to issue a stay. *Nken v. Holder*, 556 U.S. 418, 433-34 (2009).

With respect to the first factor, the Court finds that a stay would prejudice Plaintiff. The Court notes that Defendant has stated that the requested stay is "projected" to last eight to nine months. (Docket No. 224 at 10). If Defendant is correct, then the stay is this matter would not be lifted until July or August 2017 — over three years after this case was filed in the Court of Common Pleas of Allegheny County. (*See* Docket No. 1-3 at 1). As Plaintiff has argued, such a lengthy stay may result in the loss of additional witnesses. In light of Plaintiff's representation that it has lost witnesses who were employed by Defendant, the loss of additional witnesses would result in undue prejudice to Plaintiff. The Court further reasons that Defendant has not cited to any documentation supporting its projection that the matter will be stayed for eight to nine months. It is well settled that "[s]tays of indefinite duration are especially discouraged and, because they put the parties effectively out of court, any order granting such a stay is appealable." *Structural Group, Inc.*, 2008 U.S. Dist. LEXIS 82266, at *13 (internal quotations and citation omitted); *see also Dover v. Diguglielmo*, 181 F. App'x 234, 237 (3d Cir. 2006) (explaining that a stay of indefinite duration "can itself constitute an abuse of discretion"); *CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc.*, 381 F.3d 131, 135 (3d Cir. 2004) (stating that "an indefinite stay order that unreasonably delays a plaintiff's right to have its case heard is appealable"); *Cheyney State Coll. Faculty v. Hufstedler*, 703 F.2d 732, 738 (3d Cir. 1983) ("We emphasize that *Landis* approved stays of moderate length, and not those of indefinite duration.");

6

*Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1075-76 (3d Cir. 1983) (denying the petitioners' request for a stay of indefinite duration). The parties have represented that briefing in the EHB proceeding will not be completed until January 23, 2017, (*see* Docket No. 222 at ¶ 4), and there is no timeframe for the EHB's decision. Moreover, as Plaintiff has noted, issues may be appealed to the Commonwealth Court of Pennsylvania following the EHB's decision. Accordingly, the Court finds that the first factor weighs in favor of denying Defendant's motion for a stay.

Regarding the second factor, the Court concludes that a denial of the stay would not create a clear case of hardship or inequity for Defendant. The proceedings before the EHB — with the exception of the January 23, 2017 post trial briefing deadline — have been completed. Indeed, in its brief in opposition to Plaintiff's Motion to Bifurcate, Defendant concedes that EQT would not be prejudiced "given that the hearing has been over for nearly three months." (Docket No. 224 at 8 n.5). The Court need not reach Plaintiff's argument that the EHB ruling will not have any collateral estoppel effect in this proceeding, as the Court finds that the parties' other arguments are more compelling given the circumstances of this matter.[1]

The Court further notes that it has granted multiple stays in this matter. On July 9, 2015, the Court stayed the deadline to join new parties until August 14, 2015 and then permitted Defendant to add new parties on September 16, 2015. (*See* Docket Nos. 128, 137, 144, 158). After Defendant consented to Plaintiff's motion to stay discovery, (*see* Docket No. 54), the Court stayed discovery on September 9, 2015, (*see* Docket No. 155). The stay was not lifted until April 18, 2016, over seven months after the stay was entered. (*See* Docket Nos. 155, 206).

---

[1] At the present time, the Court does not have before it the complete record of the EHB proceedings. Rather, the only document filed related to the EHB proceedings is the DEP's 281-page post trial brief. (Docket No. 232-1). In the Court's estimation, collateral estoppel, if applicable, should be more properly raised at the summary judgment, Rule 50, or even post-trial stage of this matter.

Although this case has been pending since March 7, 2014, (*see* Docket No. 1-3 at 1), Defendant now seeks yet another stay. As noted above, in the Court's estimation, the length of time for the requested stay is indefinite. Such a stay in a matter that has been pending for years, and has previously been stayed, is unwarranted. Thus, the Court finds that the second factor weighs in favor of denying Defendant's motion for a stay.

With respect to the third factor, the Court must consider "'whether a stay would simplify the issues and the trial of the case.'" *Akishev*, 23 F. Supp. 3d at 448 (quoting *Actelion Pharms., Ltd. v. Apotex Inc.*, No. 12-CV-5743, 2013 U.S. Dist. LEXIS 135524, at *15 (D.N.J. Sept. 6, 2013)). In that regard, Defendant "bear[s] the burden of establishing that issuance of a stay would simplify the issues for trial by 'narrowing' or 'outright eliminati[ng]' the need for discovery." *Actelion Pharms., Ltd.*, 2013 U.S. Dist. LEXIS 135524, at *15 (quoting *Weisman v. Mediq, Inc.*, No. 95-CV-1831, 1995 U.S. Dist. LEXIS 5900, at *5 (E.D. Pa. May 3, 1995) (noting that "a stay is proper where the likelihood that such motion may result in a narrowing or outright elimination of discovery outweighs the likely harm to be produced by the delay")). Here, staying this matter will not narrow or eliminate the need for discovery. The parties have largely completed discovery and have represented that they only have a few discovery issues remaining that they are working to resolve. (*See* Docket Nos. 219, 235). On November 16, 2016, the Court entered an Order, wherein it accepted the parties' proposed expert discovery deadlines, and set the Telephonic Post Expert Discovery Status Conference for May 24, 2017. (Docket No. 236). Accordingly, because Defendant has failed to establish that a stay will narrow or eliminate the need for discovery, the Court finds that the third factor weighs in favor of denying Defendant's motion for a stay.

Finally, regarding the fourth factor, "the Court evaluates [Defendant's] motion for a stay

8

in accordance with the scope of presently completed discovery and the scheduling of a trial date." *Akishev*, 23 F. Supp. 3d at 448. As discussed above, the parties have nearly completed discovery, and expert discovery deadlines have been set. (*See* Docket Nos. 219, 235, 236). Moreover, "the Court and the parties have already expended significant resources on the litigation, and the principle of maximizing the use of judicial and litigant resources is best served by seeing the case through to its conclusion." *Imagevision.net, Inc. v. Internet Payment Exch., Inc.*, No. 12-CV-54, 2013 U.S. Dist. LEXIS 56943, at *14 (D. Del. Apr. 22, 2013) (internal quotations omitted). Specifically, the Court and the parties have already employed significant resources on the many motions that have been filed in this contentious matter since August 2014. (*See generally* Docket Entries). Accordingly, the Court finds that the fourth factor weighs in favor of denying Defendant's motion for a stay. *See, e.g.*, *Sightsound Techs., LLC v. Apple, Inc.*, No. 11-CV-1292, 2013 U.S. Dist. LEXIS 79319, at *7-8 (W.D. Pa. June 6, 2013) (declining to find that the status of the litigation favored a stay because, although expert discovery was not complete and no trial date had been set, the court had devoted "significant resources" to the matter); *SoftView LLC v. Apple Inc.*, No. 10-CV-389, 2012 U.S. Dist. LEXIS 104677, at *11-12 (D. Del. July 26, 2012) (finding that the status of the litigation did not favor a stay because although the litigation remained at an "early stage," the court had expended substantial time and resources to scheduling and to resolving discovery disputes, as well as motions to sever, stay, and dismiss). Thus, because the totality of the circumstances weighs in favor of denying Defendant's motion for a stay, the Court finds in its discretion that a stay of this action would be inappropriate and will deny Defendant's request.

Accordingly, for the reasons stated,

IT IS HEREBY ORDERED that Plaintiff's Motion to Bifurcate, (Docket No. 220), is

GRANTED.  Trial in the above captioned matter on Plaintiff's claims against Defendant shall be BIFURCATED as follows:

1. Liability of Defendant; and,

2. Damages, if any.

If the jury decides in Plaintiff's favor as to stage (1), then stage (2) shall proceed immediately thereafter with the same jury as empaneled;

IT IS FURTHER ORDERED that Defendant's Motion to Stay Proceedings, (Docket No. 222), is DENIED.  All deadlines in this matter remain AS SCHEDULED;

IT IS FURTHER ORDERED that the parties shall file a Joint Status Report in sixty days, or by **February 13, 2017**; and,

Finally, IT IS ORDERED that **no further discovery extensions will be granted in this matter**.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: December 14, 2016

cc/ecf: All counsel of record.