# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| EQT PRODUCTION COMPANY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | Civil Action No. 14-1053 |
| vs. | ) | Judge Nora Barry Fischer |
| TERRA SERVICES, LLC, | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Presently before the Court is Defendant Terra Services, LLC's Objections to Special Master Donald E. Ziegler's Order dated March 15, 2017. (Docket No. [245]). Plaintiff EQT Production Company has filed a response in opposition to Defendant's Objections. (Docket No. [250]). After careful consideration of the parties' submissions and Special Master Ziegler's Order, and for the following reasons, Defendant's Objections, (Docket No. [245]), are OVERRULED, and Special Master Ziegler's Order dated March 15, 2017, (Docket No. [241]), is AFFIRMED.

In so holding, the Court notes that in his Memorandum Order No. 6, Special Master Ziegler granted Plaintiff's Motion to Compel Compliance with the ESI Protocol. (Docket No. [241]). Specifically, Special Master Ziegler ordered Defendant to comply with the provisions of Paragraph 10 of the Stipulated Protocol Regarding Electronically Stored Information and to return all physical and electronic copies of documents marked as Centrofanti Exhibits 26-41, and Exhibit C of Plaintiff's motion, within thirty days. (*Id.*). In its objections, Defendant argues that Plaintiff has failed to establish the factual predicate for privilege and inadvertent disclosure. (Docket No. [245]).

On July 6, 2015, the parties filed a Stipulated Joint Protocol Regarding Electronically Stored Information, which the Court approved. (Docket Nos. 122, 123). Pertinent here, Paragraphs 10 through 12 of the parties' agreement provide:

> 10. In accordance with Federal Rule of Evidence 502(b), no Party shall be deemed to have waived its right to assert the attorney-client privilege and/or attorney work-product privilege. Upon discovery by any Party of an inadvertent disclosure of materials protected by Privilege, in accordance with Federal Rule of Civil Procedure 26(b)(5)(B) and Form Inadvertent Production Provision LCvR 16.1D, that Party shall promptly notify the other counsel in writing of the disclosure, identify the document that contains such materials, and immediately take steps to preclude further disclosure. In such an event, the Party receiving the materials protected by Privilege will return or destroy all copies of identified materials and treat those materials as if they had been initially excluded from production.
>
> 11. The return or destruction of a document or materials over which the producing Party has asserted a claim of Privilege as set forth above shall be without prejudice to the receiving Party's right to seek an order from this Court directing the production of the document on the ground that the claimed Privilege is invalid or inapplicable; provided, however, that mere production of the document or information in prior to or in the course of this action shall not constitute grounds for asserting waiver of the Privilege.
>
> 12. The Parties hereby incorporate the protections against the waiver of privilege and work product provided for in the Stipulation of Confidentiality Order approved and signed by the Court on December 31, 2014 (Doc. No. 54). The Parties also agree that pursuant to Federal Rules of Evidence 502(d) and 502(e), the Parties are bound by the stipulations and agreements on the effect of disclosure and non-waiver as prescribed in the Stipulation of Confidentiality and Protective Order.

(Docket No. 123 at 8). The Stipulation of Confidentiality Order entered by the Court on December 31, 2014 provides:

> 8. <u>Inadvertent or Unintentional Disclosure of Attorney-Client Privileged Material or Attorney-Work Product</u>. If a party or non-party inadvertently produces or discloses information that is subject to attorney-client privilege and/or attorney-work product immunity, or other applicable privilege, it may request in writing, promptly after learning of such inadvertent production or disclosure, that the information inadvertently produced or disclosed be returned or destroyed. Such inadvertent production shall not constitute or be construed as a wavier of any

> applicable privilege either to the information or subject matter of the disclosure. The request must state the nature of the privilege and/or immunity claimed for the inadvertently produced or disclosed information. Upon receipt of such request, the party or non-party in receipt of such information shall in good faith attempt to retrieve all copies of such information and shall return, destroy, or sequester the Documents (and shall to the extent possible destroy or sequester any notes relating to the information subject to the request). Counsel for the Receiving Party shall, within five (5) business days, certify to the producing party that the Documents alleged to have been inadvertently produced have been returned, destroyed, or sequestered.
>
> The party or non-party receiving the information that it believes is subject to attorney-client privilege and/or attorney work-product immunity but was inadvertently disclosed shall promptly notify the producing party of that belief. No party or non-party that received the inadvertently produced or disclosed information under the provisions of this Order may use any Documents received that may have been inadvertently disclosed unless and until ruling by the Court, nor may that party use any information contained in or obtained from such inadvertent production in this action or for any purpose absent ruling from the Court. If the Receiving Party or non-party wishes to challenge the propriety of the claim of privilege or immunity, it may do so only by filing a motion with the Court. The inadvertently disclosed information must be preserved until the claim is resolved.

(Docket No. 54 at 6-7). The Stipulated Joint Protocol Regarding Electronically Stored Information and the Stipulation of Confidentiality Order were both negotiated at arm's length by the parties' skilled counsel and, therefore, are controlling in this matter.

The testimony of John J. Centofanti, which has been redacted and also filed under seal by Defendant, makes clear that the documents at issue were created with counsel's input. (Docket Nos. 245-3 at 26-63, 247-3 at 25-63). Hence, work-product immunity, which "'shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case,'" and enables attorneys "'to prepare cases without fear that their work product will be used against their clients,'" is applicable. *LabMD, Inc. v. Tiversa Holding Corp.*, No. 15-CV-92, 2015 U.S. Dist. LEXIS 32650, at *11-12 (W.D. Pa. Mar. 17, 2015) (quoting *In re*

*Grand Jury (Impounded)*, 138 F.3d 978, 981 (3d Cir. 1998), and *In re Chevron Corp.*, 633 F.3d 153, 164 (3d Cir. 2011)). The Court further finds that Plaintiff has taken reasonable precautions to guard against inadvertent disclosures. As the parties are well aware, there have been numerous discovery disputes and a voluminous production in this matter. The sixteen Centrofanti Exhibits that Special Master Ziegler has ordered to be returned is a small fraction of what has been produced throughout this case's nearly three-year history. *Compare Nesselrotte v. Allegheny Energy, Inc.*, No. 06-CV-1390, 2008 U.S. Dist. LEXIS 124300, at *8-13 (W.D. Pa. May 6, 2008) (finding that the disclosed documents were a small fracture of the requested production of over 100,000 pages of documents and holding that the documents were inadvertently disclosed and had to be returned), *with Wise v. Wash. County*, No. 10-CV-1677, 2013 U.S. Dist. LEXIS 128731, at *12-15 (W.D. Pa. Sept. 10, 2013) (explaining that the disclosure consisted of forty-seven pages of documents, two of which were then claimed as privileged, and concluding that "[t]here is no argument that the production was so voluminous that review of each page would have been impractical").

For these reasons,

IT IS HEREBY ORDERED that Defendant's Objections, (Docket No. [245]), are OVERRULED, and Special Master Ziegler's Order dated March 15, 2017, (Docket No. [241]), is AFFIRMED.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: April 20, 2017

cc/ecf: All counsel of record